IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTOR ORTEGA and CARLOS POSADA, Individually and On Behalf of All Similarly Situated Persons,<br>　　Plaintiffs, | § | |
| V. | § | CIVIL ACTION NO. 4:16-cv-1440 |
| CC&D, LLC d/b/a CONSTRUCTION CONCEPTS and JOSHUA WEISMAN, | | |
| 　　Defendants. | § | JURY DEMANDED |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought individually and as a collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiffs Victor Ortega and Carlos Posada and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendants, its subsidiaries and affiliated companies.

**Parties**

1.　Plaintiffs Victor Ortega ("Ortega") and Carlos Posada ("Posada"), former employees of Defendants, were personally engaged in interstate commerce during their employment with the Defendants, and are represented by the undersigned.

2.　Defendant CC&D, LLC d/b/a Construction Concepts ("CC") is a Texas corporation and is and was an "employer" as that term is defined by the FLSA. With respect to Plaintiffs, CC is subject to the provisions of the FLSA. CC was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Defendant

CC may be served through its registered agent, Joshua Weisman at 4713 Willowbend Blvd., Houston, Texas 77035 or at 5633 Southwest Freeway, Houston, Texas 77057 or wherever he may be found.

3. Defendant Joshua Weisman is an individual who was an "employer" as that term is defined by the FLSA because he acted on behalf of CC&D, LLC d/b/a Construction Concepts in setting the terms of wages and hours throughout the companies, and running them on a day to day basis. Mr. Weisman worked as part of the enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s). Mr. Weisman may be served with process at 4713 Willowbend Blvd., Houston, Texas 77035 or at 5633 Southwest Freeway, Houston, Texas 77057 or wherever he may be found.

## Jurisdiction and Venue

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiffs transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendants' business. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiffs transacted business within this judicial

district and some of the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

## Factual Allegations

5. Victor Ortega was employed by the Defendants from January of 2016 until April of 2016. He was employed as a general construction worker. Mr. Ortega's duties included, but were not limited to, framing, mixing cement, general construction work and remodeling. He regularly worked more than 40 hours a week throughout his employment with Defendants. Ortega regularly worked in excess of 40 hours in a workweek. In fact, Ortega regularly worked 60 hours or more per week. During much of his tenure with Defendants, Ortega was not paid any overtime premium for hours worked over 40 per workweek.

6. Carlos Posada was employed by the Defendants from January of 2016 until April of 2016. He was employed as a helper. Mr. Posada's duties included, but were not limited to, helping with framing and hanging sheetrock. He regularly worked more than 40 hours a week throughout his employment with Defendants. Posada regularly worked in excess of 40 hours in a workweek. In fact, Posada regularly worked 60 hours or more per week. During much of his tenure with Defendants, Posada was not paid any overtime premium for hours worked over 40 per workweek.

7. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiffs' regular and overtime work. Plaintiffs were not "exempt" employees.

8. Defendants are liable to Plaintiffs under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses

and costs.  Due to the knowing and willful conduct of Defendants in violating the FLSA, Plaintiffs and those similarly situated to them who opt in to this lawsuit are entitled to recover unpaid overtime and liquidated damages for a period of three years prior to their appearance in this matter.

9. Weisman is the owner and control person of CC and is personally involved in the day-to-day operations of the business enterprise at issue, and in the establishment and enforcement of personnel policies, compensation policies and recordkeeping responsibilities of the business.

10. Weisman has the authority to hire, discipline and fire employees, and to determine employee compensation.  Weisman is an "employer" of Plaintiffs and the Members of the Class.

### Plaintiffs' Individual Allegations

11. As non-exempt employees, Plaintiffs were entitled to be paid their regular wages and to be paid an overtime premium for all work performed during the hours worked over 40 hours in each workweek.  Defendants failed to pay the Plaintiffs the required overtime premium in many workweeks that the Plaintiffs were employed by Defendants during the Relevant Time Period, as the Plaintiffs worked in excess of 40 or more hours in most weeks, and often worked in excess of 60 hours per week.  Plaintiffs were paid on an hourly rate basis, but were not paid premium pay for hours worked over 40.

12. No exemption excuses the Defendants from paying Plaintiffs for all time spent and work performed during the hours they worked, and the Defendants have not made a good faith effort to comply with the FLSA.  As such, the Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiffs.  Such practice was and is a clear violation of the FLSA.

**Collective Action Allegations**

13. Other employees have been victimized by the Defendants' pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiffs. Thus, Plaintiffs are aware that the illegal practices or policies that the Defendants have been imposed on the Members of the Class. Specifically, through speaking with other employees, Plaintiffs are aware that Defendants makes a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek, but instead pay all construction workers and helpers on the same basis.

14. The Members of the Class performed work that is similar in nature to that performed by Plaintiffs; these individuals worked alongside the Plaintiffs performing the same type of manual, physical work that the Plaintiffs performed. Accordingly, the employees victimized by the Defendants' unlawful practices are similarly situated to Plaintiffs in terms of their job duties.

15. Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

16. The Defendants' failure to pay its employees as required by the FLSA resulted from a generally applicable policy independent of any personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiffs' experiences are typical of the experiences of the Members of the Class.

17. No justification or exemption excused the Defendants from paying the Members

of the Class for all work performed and time spent working, and the Defendants did not make a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

18. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

**All persons employed on an hourly basis by Defendants CC&D, LLC d/b/a Construction Concepts and Joshua Weisman during the three-year period preceding the filing of this Complaint.**

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

19. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiffs and Members of the Class for work performed in the employ of the Defendants.

20. Plaintiffs and Members of the Class have suffered damages as a direct result of Defendant's illegal actions.

21. Defendants are liable to Plaintiffs and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Demand for Jury

22. Plaintiffs demand a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed by CC&D, LLC d/b/a Construction Concepts and Joshua Weisman on an hourly basis during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiffs' and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
Vijay A. Pattisapu
TBA No. 24083633
2030 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
jbuenker@buenkerlaw.com
vijay@buenkerlaw.com
**COUNSEL FOR PLAINTIFFS**